UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NATHAN LEON MASSIE,<br><br>　　　　　　　Defendant. | Case No. 1:13-cr-00267-BLW<br><br>**AMENDED REPORT AND RECOMMENDATION** |

On March 5, 2014, Defendant Nathan Leon Massie appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a written waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Superseding Indictment (Dkt. 39), the maximum penalties applicable, his constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, his counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted.

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1) The District Court accept Defendant Nathan Leon Massie's plea of guilty to Counts One and Five of the Superseding Indictment (Dkt. 39), and that a pre-sentence report be ordered.

2) The District Court GRANT, at the appropriate time, the United States' motion to dismiss Counts Two, Three, and Four of the Superseding Indictment (Dkt. 39) as to Defendant.

3) The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Superseding Indictment (Dkt. 39) and the Plea Agreement (Dkt. 54).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 11, 2014

Honorable Mikel H. Williams
United States Magistrate Judge